UNITED STATES DISTRICT COURT
For the Northern District of California

1

2

3

4

5

6               UNITED STATES DISTRICT COURT

7               NORTHERN DISTRICT OF CALIFORNIA

8

GUSTAVE WILLIAM LINK, a disabled Pile Drivers
9   Local 34 Union member,

10                                                     No. C 06-0386 MHP

                    Plaintiff,
11
                                                      **MEMORANDUM & ORDER**
        v.                                            **Re: Defendants' Motion to Dismiss**
12
DAVID RHODES, President, Pile Drivers Local 34
13   Union; PAT KARINEN, Secretary, Pile Drivers Local
     34 Union; JIMMY JOHANSEN, Business Agt., Pile
14   Drivers Local 34 Union; DAN MURRAY, Recording
     Sec., Pile Drivers Local 34 Union; STEVE TILTON,
15   Vice-President, Pile Drivers Local 34 Union; TERRY
     CALLAN, District Coordinator, Pile Drivers Local 34
16   Apprenticeship Training; JOHN BULLOCK,
     Executive Dir., Carpenters Training Committee for
17   Northern California Appeals Committee; ROBERT
     ALVARADO, Executive Officer, Northern California
18   Carpenters Regional Council (NCCRC); DOUGLAS
     McCARRON, President, United Brothers of
19   Carpenters (Washington D.C.); SANDRA RAE
     BENSON, Union Attorney; LAW FIRM WEINBERG,
20   ROGER & ROSENFELD; and JOHN DOE,

21                   Defendants.
                                                   /
22

23          Plaintiff Gustave William Link filed this action against Pile Drivers Local Union No. 34,

24   Northern California Carpenters Regional Council (NCCRC), Northern California Carpenters, AFT,

25   LLC, Apprenticeship Training Committee for Northern California (collectively, "the entity

26   defendants"), David Rhodes, Pat Karinen, Jimmy Johansen (collectively, "the union defendants"),

27   Terry Callan, John Bullock, Robert Alvarado (collectively, "the committee defendants"), and union

28   attorney Sandra Rae Benson, seeking damages arising out of defendants' alleged retaliation against

UNITED STATES DISTRICT COURT
For the Northern District of California

plaintiff for publicly criticizing local union officials for their failure to adequately represent the interests of union members.  Now before the court is defendants' motion to dismiss plaintiff's amended complaint for failure to state a claim on which relief can be granted, insufficient process, insufficient service of process, and failure to comply with a court order.  Having considered the parties' arguments and submissions, and for the reasons set forth below, the court enters the following memorandum and order.

BACKGROUND

Link was a member of the Pile Drivers Local 34 Union.  Am. Compl. ¶ 1.  He received training as a pile driver through the Carpenters Training Committee for Northern California ("training committee"), a joint labor-management sponsored apprenticeship training program.  Id. As an apprentice pile driver and member of the local union, Link was employed by KFM Joint Venture ("KFM") to perform construction work on the San Francisco Bay Bridge Project.  Id.

Link claims that he was subjected to excessive levels of manganese while working on the San Francisco Bay Bridge Project, leading to medical problems.  See Id. ¶ 2, Exh. D.  Plaintiff alleges that NCCRC, under the direction of NCCRC Chief Officer Alvarado and union president Rhodes,  negotiated a "secret oral partnership agreement" with KFM and Cal-OSHA whereby the union and Cal-OSHA would not process safety complaints or grievances against KFM.  Id.  Due to the allegedly unsafe working conditions at the Bay Bridge Project and the failure on the part of the union to file safety complaints, plaintiff began to criticize union officials at local union meetings in 2004.  Id. ¶ 4.  Link also contacted the FBI and the Oakland Tribune about the alleged refusal of union officials to address the safety complaints filed by union members with Cal-OSHA.  See Id. Exh. E.  Additionally, plaintiff filed a "Constitutional Complaint" against Rhodes which plaintiff alleges Rhodes threw out, failed to process, and "blackmailed" plaintiff into dropping.  Id. ¶¶  4 & 8. Plaintiff also wrote numerous letters to union officials requesting information about the oral partnership agreement.  Id.  The union, through attorney Benson, denied that any such agreement existed.  Id.

2

Due to the manganese exposure, plaintiff was unable to attend the final class of his apprenticeship training program without securing a medical release.  Id. ¶ 6.  Plaintiff never secured the required release, and was therefore terminated from the apprenticeship program in July 2005.  Id. ¶¶ 6 & 7, Exh. B.  Plaintiff alleges that this termination was the result of a conspiracy among union and NCCRC officials to retaliate against plaintiff for his criticism of union officials.  Id. ¶¶ 6-8.  Plaintiff further alleges that defendant Rhodes threatened to attack him at a January 2005 union meeting in an attempt to censor plaintiff's criticisms.  Id. ¶ 8.

On January 20, 2006, plaintiff filed this lawsuit, alleging constitutional violations, disability discrimination, violations of the Labor-Management Relations Act, violations of the Labor Management Reporting and Disclosure Act, breach of fiduciary duty, breach of union contract, legal malpractice, violations of the California Labor Code, negligence and conspiracy.  Defendants moved to dismiss Link's complaint on May 8, 2006.  This court granted defendants' motion with leave to amend on May 17, 2006.  See Link v. Rhodes, No. C 06-0386, 2006 WL 1348424 (N.D. Cal. May 17, 2006) (Patel, J.).  Plaintiff filed an amended complaint on July 5, 2006, once again alleging constitutional violations, violations of the Labor Management Reporting and Disclosure Act ("LMRDA"), violations of the Americans with Disabilities Act ("ADA"), and violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO Act") and Hobbs Act.  Defendants now move to dismiss plaintiff's amended complaint in its entirety.


LEGAL STANDARD


I.    Rule 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim."  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  Because Rule 12(b)(6) focuses on the "sufficiency" of a claim—and not the claim's substantive merits—"a court may [typically] look only at the face of the complaint to decide a motion to dismiss."  Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002).  Although the court is generally

confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir.), cert. denied, 484 U.S. 944 (1987).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46 (1957). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not, however, accept as true allegations that are conclusory, legal conclusions, unwarranted deductions of fact or unreasonable inferences. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Clegg v. Cult Awareness Network, 18 F.3d 752, 754–55 (9th Cir. 1994).

In the case of a pro se plaintiff, the court is to construe the complaint with even greater liberality than it would formally drafted pleadings. Hughes v. Rowe, 449 U.S. 5, 9 (1980).

II.    Rules 12(b)(4) and 12(b)(5)

Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) allow for dismissal based on insufficient process and insufficient service of process, respectively. A Rule 12(b)(4) challenge attacks the form of the summons and is generally brought on the theory that "the summons does not properly contain the names of the parties." Crane v. Battelle, 127 F.R.D. 174, 177 (S.D. Cal. 1989). "Defects in the form of summons are considered technical and a dismissal is not proper unless the party can demonstrate actual prejudice." Id.

A Rule 12(b)(5) challenge concerns not the form of the summons, but the service of the summons on defendants. A defendant must be served with a summons and a copy of the complaint within 120 days of the filing of the complaint. FED. R. CIV. P. 4(m); see also Jimenez v. City of San

1  Bernardino, No. 98-55865, 1999 WL 278181, at *1 (9th Cir. Apr. 12, 1999) (holding that dismissal

2  was improper where the 120-day period had not yet expired).  The failure to serve a party within the

3  120-day period may justify dismissal pursuant to Rule 12(b)(5).  See English v. Krubsack, 371 F.

4  Supp. 2d 1198, 1201 (E.D. Cal. 2005).

5

6  III.    Rule 41(b)

7      Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for failure of a

8  plaintiff to comply with a court order.  In determining whether to dismiss a case for failure to

9  comply with a court order, the courts consider the following five factors: "(1) the public's interest in

10 expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

11 prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and

12 (5) the availability of less drastic alternatives."  Ferdik v. Bonzelet, 963 F.2d 1258, 1260–1261 (9th

13 Cir. 1992).  The court need not make explicit findings regarding each factor.  Id. at 1261.

14

15

16 DISCUSSION

17 I.      Labor Management Reporting and Disclosure Act

18     Plaintiff claims that all defendants violated his rights under the Labor Management

19 Reporting and Disclosure Act (LMRDA) by retaliating against him for exercising his free speech

20 rights.  Specifically, Link alleges that defendants conspired to terminate him from the apprenticeship

21 program because plaintiff criticized the union leadership for not filing NLRB complaints against

22 KFM.  Plaintiff further alleges that the committee defendants violated his rights under the LMRDA

23 by denying plaintiff the right to cross-examine witnesses.  Plaintiff faults these defendants with

24 denying him the opportunity to question to committee members who made the decision to terminate

25 him from the apprenticeship program.

26      As a preliminary matter, defendants claim that plaintiff's LMRDA claims must be dismissed

27 because plaintiff did not secure leave from this court to assert LMRDA claims.  While the portions

28

UNITED STATES DISTRICT COURT
For the Northern District of California

of this court's prior order addressing leave to amend discussed only plaintiff's LMRA and ADA claims (Link, 2006 WL 1348424 at *11), the portions addressing plaintiff's LMRDA claims dismissed those claims without prejudice as to the union defendants and committee defendants. Id. at *7–*8.  The order therefore implies that plaintiff was free to amend his LMRDA claims as well.

Regardless of whether plaintiff was granted leave to amend his LMRDA claims, however, plaintiff has failed to cure the defects regarding these claims.  This court dismissed plaintiff's LMRDA claims against the union defendants for failure to plead that plaintiff had exhausted intraunion remedies, or that pursuing such remedies would be inadequate or futile. Id. at *7.  This exhaustion requirement applies to claims against union officials as well as unions themselves. See Kinney v. Int'l Brotherhood of Elec. Workers, 669 F.2d 1222, 1226 (9th Cir. 1981) (dismissing claim against union and union officials for failure to exhaust intraunion remedies).  Plaintiff's amended complaint contains no new allegations regarding exhaustion of intraunion remedies.  Based on plaintiff's representations to this court during and following oral argument, it appears that plaintiff has not exhausted his intraunion remedies and does not intend to do so.  Plaintiff has therefore failed to plead causes of action under the LMRDA against the entity defendants and union defendants.

Regarding plaintiff's LMRDA claims against the committee defendants, this court previously dismissed the claims against these defendants because plaintiff had not alleged or established that the committees are "labor organizations" within the meaning of the LMRDA, or that the committees are "alter egos" of the union. Link, 2006 WL 1348424 at *8.  Plaintiff's amended complaint likewise contains no new allegations regarding the labor organization status of the committees, and these claims are therefore dismissed.

Finally, this court dismissed plaintiff's LMRDA claims against Benson, the union's attorney, because the LMRDA applies only to labor organizations and their officers and agents. Id. at *8.  Plaintiff does not allege any significant new facts regarding Benson, and cites no authority holding that the LMRDA is applicable against union attorneys.  Plaintiff's LMRDA claims against Benson are dismissed.

6

II.     Americans With Disabilities Act

Plaintiff appears to claim that defendants Bullock and Callan violated his rights under the Americans With Disabilities Act by terminating him from the apprenticeship program due to his medical condition.  Specifically, plaintiff claims that defendants refused to allow him to complete the apprenticeship program before securing a medical release from his doctor.  Plaintiff did not secure such a release, nor does he allege that he made any attempt to do so.  This court previously held that ADA claims may not be brought against individual defendants, and dismissed plaintiff's claims against the individual defendants with prejudice.  Id. at *5.  Plaintiff's renewed ADA claims against defendants Bullock and Callan are therefore improper.

After oral argument on this motion, plaintiff lodged with the court a Right to Sue Notice from the EEOC dated September 19, 2006 ("the September 19 Notice"), arising out of Charge No. 37A-2006-08360 ("plaintiff's EEOC charge").  Plaintiff's complaint is deemed amended to incorporate this notice.  From the face of the notice it is not clear whether plaintiff's EEOC charge was brought against the Union, or whether it was brought only against individual defendants (and therefore not cognizable under the ADA).  Plaintiff is ordered to lodge with the court, within 30 days of this order, a copy of the EEOC charge giving rise to the EEOC Notice, setting forth the claims and the parties to be charged.  If the document shows that ADA charges were brought against the Union, the court will deem plaintiff's complaint amended to incorporate the document, and at that time determine whether plaintiff has sufficiently pled an ADA claim against any entity defendants.  If plaintiff fails to lodge the EEOC document, or if the document shows that it was brought against individuals only, plaintiff's ADA claim will be dismissed.  In any case plaintiff's ADA claims against the individual defendants are dismissed.

III.    RICO and Hobbs Acts

Plaintiff claims that defendants Alvarado, Rhodes and Benson violated the RICO Act, 18 U.S.C. Section 1961 et. seq., and the Hobbs Act, 18 U.S.C. Section 1951, by conspiring against him in various ways.

**UNITED STATES DISTRICT COURT**
For the Northern District of California

1    The Hobbs Act states that

2    > Whoever in any way or degree obstructs, delays, or affects commerce
     > or the movement of any article or commodity in commerce, by
3    > robbery or extortion or attempts or conspires so to do, or commits or
     > threatens physical violence to any person or property in furtherance of
4    > a plan or purpose to do anything in violation of this section shall be
     > fined under this title or imprisoned not more than twenty years, or
5    > both.

6    18 U.S.C. § 1951(a).  The definitions of "robbery" and "extortion" under the Hobbs Act each

7    require that the perpetrator obtain property from another.  Id. at § 1951(b)(1)–(2).  A Hobbs Act

8    violation can serve as the predicate for a civil action under the RICO Act.  18 U.S.C. § 1961(1)(B)

9    (definition of "racketeering activity" includes "any act which is indictable under [18 U.S.C. §

10   1951]"), § 1964(c) (providing civil cause of action for any person injured in his business or property

11   by a violation of the RICO Act).

12       In support of his RICO/Hobbs Act claim, plaintiff alleges several instances of nefarious

13   conduct on the part of various defendants.  Plaintiff alleges that Benson directed the Pile Drivers

14   Union to terminate plaintiff from the apprenticeship program, and that Alvarado conspired with

15   Rhodes and other union officials to "throw out Link's constitutional complaint."  Plaintiff further

16   alleges that Rhodes and Alvarado directed Benson to deny the existence of the alleged oral

17   agreement between the union and KFM.  Finally, plaintiff claims that Rhodes tried to physically

18   attack and intimidate plaintiff in retaliation for plaintiff's criticisms of the union leadership.

19   However, nowhere does plaintiff allege or establish that defendants acquired property from him as a

20   result of these activities.  Accordingly, plaintiff has not sufficiently pled a claim under the RICO and

21   Hobbs Acts.

22       In addition to the substantive inadequacies of plaintiff's RICO/Hobbs Act claim, plaintiff's

23   original complaint pled nothing with respect to this type of cause of action, and this court's prior

24   order did not grant leave to file entirely new claims.  Plaintiff's RICO/Hobbs Act claims are

25   therefore independently improper on these grounds.

26

27

28

8

UNITED STATES DISTRICT COURT
For the Northern District of California

IV.    <u>Civil Rights Violations</u>

Finally, plaintiff claims that the entity defendants violated his civil rights in violation of 42

U.S.C. Sections 1985(3) and 1986.  Plaintiff alleges that the entity defendants conspired to terminate

him from the union due to his medical condition, and because of his criticism of union officials.  To

plead a claim under Section 1985(3), plaintiff must allege:

> "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States."

<u>Sever v. Alaska Pulp Corp.</u>, 978 F.2d 1529, 1536 (9th Cir. 1992).  Plaintiff must also plead that the

deprivation of his rights was "motivated by some racial, or perhaps otherwise class-based,

invidiously discriminatory animus."  <u>Id.</u> (internal quotations omitted).  Section 1986 creates liability

for the negligent failure to prevent a violation of Section 1985.

Plaintiff's Civil Rights claims arise out of alleged deprivations of his rights to Freedom of

Speech and Equal Protection.  A cause of action under Section 1985(3) for deprivation of First

Amendment rights requires state action, which plaintiff does not (and cannot) establish.  <u>United</u>

<u>Brotherhood of Carpenters and Joiners of Am. v. Scott</u>, 463 U.S. 825, 831 (1983).  A Section

1985(3) claim based on denial of Equal Protection may be sustained against private individuals

without alleging state action.  <u>See</u> <u>Scott v. Ross</u>, 140 F.3d 1275, 1284 (9th Cir. 1998) ("With a few

exceptions, claims brought pursuant to § 1985(3) do not require state action").  Accordingly,

plaintiff's Section 1985(3) claim is only sustainable to the extent that plaintiff alleges a conspiracy

to deny him Equal Protection—specifically, that the entity defendants conspired to discriminate

against him based on his medical condition.

Defendants assert that Section 1985(3) does not apply to discrimination based on disability.

The court can find no authority in the Ninth Circuit holding that Section 1985(3) applies to

discrimination based on disability alone.  Moreover, the Sixth Circuit has explicitly held that Section

1985(3) does not cover disability-based discrimination.  <u>Bartell v. Lohiser</u>, 215 F.3d 550, 559 (6th

**UNITED STATES DISTRICT COURT**
For the Northern District of California

1   Cir. 2000); see also Haverstick Enterprises, Inc. v. Fin. Fed. Credit, Inc., 32 F.3d 989, 994 (6th Cir.

2   1994) (holding that "no existing legal precedent supports the plaintiffs' argument" that Section

3   1985(3) applies to discrimination against the handicapped).  In light of this precedent and the fact

4   that disability is not a suspect classification under the Equal Protection clause of the Fourteenth

5   Amendment, the court declines to extend Section 1985(3) liability to disability-based discrimination.

6   See City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 442 (1985)

7          In response to defendants' argument, plaintiff re-asserts his free speech claim and suggests

8   that union membership alone may satisfy an Equal Protection claim under Section 1985(3).  The fact

9   that union members have successfully brought claims under Section 1985(3) for independent Equal

10  Protection violations does not mean that all union members may bring Section 1985(3) claims for

11  any form of discrimination.  In addition, as discussed above, plaintiff's free speech claims cannot be

12  brought against the entity defendants under Section 1985(3) because the entity defendants are not

13  state actors.  Plaintiff has therefore failed to plead a cause of action under Section 1985(3).

14         Likewise, liability under Section 1986 for negligent failure to prevent a violation of Section

15  1985 is predicated on a colorable claim under Section 1985.  42 U.S.C. § 1986 (providing that

16  liability "for all damages caused by such wrongful act" will be imposed "if such wrongful act be

17  committed") .  Because plaintiff has failed to plead a cause of action under the latter provision, he

18  has failed to plead a cause of action under the former.  Accordingly, plaintiff's claims under Sections

19  1985(3) and 1986 are dismissed.

20

21  V.     Defendants' Additional Grounds for Dismissal

22         A.     Rules 12(b)(4) and 12(b)(5)

23         Defendants claim that plaintiff's amended complaint is void for insufficient process and

24  insufficient service of process under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5),

25  respectively.  Defendant's 12(b)(4) claim appears to be based on the fact that the complaint

26  improperly names the entities as defendants.  Defendants assert that plaintiff was not granted leave

27  to add the entity defendants as parties.  As discussed above, this court's previous order implied that

28

10

1    plaintiff could bring claims against non-individual defendants such as the entities named here.

2    Defendants' Rule 12(b)(4) claim is therefore without merit.

3            Defendants further argue that plaintiff's amended complaint should be dismissed under Rule

4    12(b)(5) because plaintiffs failed to properly serve the entity defendants with a summons and a copy

5    of the complaint as required by Rule 4(m).  Rule 4(m) provides that defendants must be served

6    within 120 days of the filing of the complaint.  Plaintiff's amended complaint was filed on July 5,

7    2006.  Plaintiff therefore has until November 2, 2006 to serve the entity plaintiffs, and defendants'

8    present Rule 12(b)(5) argument is premature.

9

10           B.      Plaintiff's Failure to Meet Deadlines

11           Defendants argue that plaintiff failed to file his amended complaint with 45 days as required

12   by this court's order on defendants' original motion to dismiss, and therefore plaintiff's complaint

13   should be dismissed under Rule 41(b) for failure to comply with a court order.  A case-terminating

14   sanction under Rule 41(b) is a "harsh penalty" reserved for "extreme circumstances."  Ferdik, 963

15   F.2d at 1260.  Plaintiff's filing of his amended complaint two days after the court-imposed deadline

16   (where one day was the July 4th holiday) is not such an extreme circumstance, and the court

17   therefore declines to dismiss the amended complaint on these grounds.

18           Similarly, defendants claim that their motion to dismiss should be considered unopposed

19   because plaintiff filed his opposition one week late.  In light of the policy favoring resolution on the

20   merits, the court accepts plaintiff's opposition (and defendant's reply brief).  However, plaintiff is

21   admonished that his pro se status does not entitle him to ignore deadlines imposed by the court and

22   by the Local Rules.

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**
For the Northern District of California

UNITED STATES DISTRICT COURT
For the Northern District of California

1    CONCLUSION

2          For the reasons stated above, the court GRANTS in part and DENIES in part defendants'

3    motion to dismiss.  All of plaintiff's LMRDA, RICO/Hobbs Act, and Civil Rights causes of action

4    are dismissed against all defendants.  Plaintiff's ADA claims are dismissed against all individual

5    defendants.  Plaintiff is ordered to lodge with the court the document setting forth EEOC Charge No.

6    37A-2006-08360 within 30 days of this order so that the court may determine whether plaintiff's

7    ADA claim has been properly pled against entity defendants.

8

9          IT IS SO ORDERED.

10

11

12    Dated: October 24, 2006                                          _____

13                                                                              MARILYN HALL PATEL
                                                                                District Judge
14                                                                              United States District Court
                                                                                Northern District of California

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12

**<u>ENDNOTES</u>**