UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GUSTAVE WILLIAM LINK,

    Plaintiff,

    v.

DAVID RHODES et al.,

    Defendants.

No. C 06-0386 MHP

**ORDER DISMISSING CASE**

    On October 25, 2006, this court issued an order dismissing all of plaintiff's claims in this action except plaintiff's claims brought under the Americans with Disabilities Act (ADA) against non-individual defendants. The court dismissed plaintiff's ADA claims against all individual defendants on the grounds that individuals are not "covered entities" under the ADA. At that time it was unclear whether plaintiff had pled his ADA claim against individual defendants only, or whether he had pled the ADA claim against the Union. After oral argument, plaintiff submitted an EEOC right to sue letter regarding his ADA claim, which the court deemed incorporated into plaintiff's amended complaint. However, it was still unclear, based on the right to sue letter, whether plaintiff had brought his administrative ADA claim against a "covered entity." The court therefore ordered plaintiff to submit the document setting forth his original EEOC charge so that the court could resolve this ambiguity.

    Plaintiff subsequently submitted his EEOC file. Based on these documents, plaintiff filed his initial ADA claim against "Northern California Carpenters Training Center," which appears to correspond to named defendant "Northern California Carpenters, AFT, LLC." In their motion to

1  dismiss plaintiff's Amended Complaint, defendants assert that no such entity exists.  Assuming that
2  this entity does exist, it appears to be a training organization, and not "an employer, employment
3  agency, labor organization, or joint labor-management committee" covered by the ADA.  <u>See</u> 42
4  U.S.C. § 12111(1).  Plaintiff has therefore failed to properly plead an ADA claim against any of the
5  available defendants.

6      This court has previously noted that granting plaintiff leave to amend with respect to an
7  ADA claim would be proper only if plaintiff could meet the ADA's exhaustion requirement.  <u>See</u>
8  <u>Link v. Rhodes</u>, No. C 06-0386, 2006 WL 1348424, at *11 (N.D. Cal. May 17, 2006) (Patel, J.)
9  (citing 42 U.S.C. § 12117).  Plaintiff has therefore been given two opportunities to produce an
10 EEOC letter related to a "covered entity"—once when this court dismissed plaintiff's initial
11 complaint with leave to amend, and again when this court requested additional documentation
12 following defendants' motion to dismiss plaintiff's Amended Complaint.  As plaintiff has failed to
13 do so, the court finds that further leave to amend would be futile.  Accordingly, no further leave to
14 amend will be granted.  <u>See</u> <u>Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau</u>, 701 F.2d
15 1276, 1293 (9th Cir. 1983).

16     For the foregoing reasons, plaintiff's ADA cause of action is DISMISSED.  This action is
17 therefore DISMISSED.  The clerk shall close the file.

18     IT IS SO ORDERED.

21 Dated: 2/22/2007

    MARILYN HALL PATEL
    District Judge
    United States District Court
    Northern District of California

**ENDNOTES**